Heedong Chae (SBN: 263237)
Email: hdchae@lucemlaw.com
**LUCEM, PC**
660 South Figueroa St., Suite 1200
Los Angeles, CA 90017
Phone: 213-387-3630
Fax: 213-863-6332

*Attorneys for Plaintiff,*
*GRAVITY CO., LTD.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAVITY CO., LTD., a Republic of Korea corporation,<br><br>Plaintiff,<br><br>v.<br><br>NOVARO, LLC, a California limited liability company; MANUEL R RUIZ, an individual; DOES 1 though 10, inclusive,<br><br>Defendants. | Case No: 2:22-cv-02763-JLS-SK<br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, COPYRIGHT INFRINGEMENT, CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT, VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Gravity Co., Ltd., for its first amended complaint for trademark and copyright infringements against Defendants Novaro, LLC, Manuel R Ruiz, and Does 1-10 alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement, unfair competition, and false designation of origin arising under 15 U.S.C. § 1114 & 1125(a), copyright infringement & contributory and vicarious copyright infringement arising under the

Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*, violation of the digital millennium copyright act under 17 U.S.C. §§ 1201(a) and (b), etc.

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1338(a) and (b).

3. This Court has personal jurisdiction over all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1391(d).

## PARTIES

5. Plaintiff Gravity Co., Ltd. (hereinafter, "Gravity" or "Plaintiff"), is a corporation organized and existing under the laws of Republic of Korea, with its principal place of business at 15F, Nuritkum Square R&D Tower 396, World Cup Buk-Ro, Mapo-Gu, Seoul, Republic of Korea.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Novaro, LLC ("Novaro"), is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 2220 Otay Lakes Rd Ste 502 Unit 910, Chula Vista, California 91915.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant Manuel R Ruiz ("Mr. Ruiz"), is an individual with an address at 2220 Otay Lakes Rd Ste 502 Unit 910, Chula Vista, California 91915.

8. Named Defendants, and Does 1 – 10, may be collectively referred to as "Defendants."

9. Plaintiff is unaware of the true names and capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein. Plaintiff therefore sues these defendants by

such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.

## FACTUAL ALLEGATIONS

10. Gravity is a globally known online game company and listed on Nasdaq. Gravity is primarily known for its online game "Ragnarok Online" ("the "Ragnarok Online" game").

11. The "Ragnarok Online" game is a Massively Multiplayer Online Role-Playing Game ("MMORPG"). An MMORPG is an online computer game with a large number of players on the same server which provides a huge, online virtual world where the players control the actions of their own characters. Gravity operates a server for the users to play the "Ragnarok Online" game.

12. Gravity created the "Ragnarok Online" game early 2000 and has operated a server so that users can download the game and play the game in an online virtual world. *See* http://renewal.playragnarok.com/.

13. In order to play the "Ragnarok Online" game, users have to download and install the "Ragnarok Online" game, create an account, and access the server using the account to play the "Ragnarok Online" game. Accordingly, the downloadable "Ragnarok Online" game file includes anti-circumvention measure which only allows access to the server of Gravity where all the copyrighted materials can be displayed and played.

14. Gravity owns numerous trademark registrations around the world, including United States trademark registrations for "G GRAVITY" (U.S. Reg. No. 3742547), "G GRAVITY" (U.S. Reg. No. 6129207), "RAGNAROK" (U.S. Reg. No. 2882208), and "RAGNAROK RAGNAROK ONLINE" (U.S. Reg. No. 3405849). *See* Exhibit A.

15. The "Ragnarok Online" game bears Gravity's trademarks "G GRAVITY" and "RAGNAROK RAGNAROK ONLINE" among many. *See* Exhibit B.

16. Gravity has obtained a copyright registration in the software code for the "Ragnarok Online" game (Copyright Registration No. TX0006576194). *See* Exhibit C1. The protection of this copyright registration includes the computer program for the "Ragnarok Online" game and the screen displays generated by that program, including but not limited to game characters, monsters, cards, etc.

17. Gravity has obtained a copyright registration in the game background music for the "Ragnarok Online" game (Copyright Registration No. SR0000935086). *See* Exhibit C2.

18. Defendants operate an online website https://www.novaragnarok.com/ ("Novaragnarok.com") which enables users to download a pirated counterfeit version of the "Ragnarok Online" game and operates a server so that users can play the pirated counterfeit game in their online virtual world.

19. Defendants renamed the "Ragnarok Online" game to "Nova Ragnorok Online" and call it as "NovaRO" ("the "NovaRO" pirated game") where "RO" stands for "Ragnarok Online." *See* Exhibit D.

20. Intro of the "NovaRO" pirated game depicts Gravity's "RAGNAROK RAGNAROK ONLINE" trademark. *See* Exhibit E.

21. Another intro of the "NovaRO" pirated game depicts Gravity's "G GRAVITY" trademark. *See* Exhibit F.

22. The "NovaRO" pirated game displays the game characters, monsters, and cards, identical to those of the "Ragnarok Online" game, showing that the "NovaRO" pirated game is a pirated counterfeit game of the "Ragnarok Online" game.

23. Users play the "NovaRO" pirated game, believing that it is a genuine authorized game of Gravity. *See* Exhibit G for screenshots from Novaragnarok.com.

24. Even Defendants represent themselves as Gravity. *See* Exhibit H. In the forum of Novaragnarok.com, Admin represented himself as an employee of Gravity.

25. Defendants have gained profits by selling unauthorized game items to the users.

26. The game characters in the "NovaRO" pirated game are identical to those in the "Ragnarok Online" game. *See* Exhibit I for some examples.

27. The background music and sounds playing in the "NovaRO" pirated game are identical to those in the "Ragnarok Online" game. *See* Exhibit J for some examples.

28. Gravity has never permitted or authorized Defendants to distribute copies of the "Ragnarok Online" game or operate a server for the users to play the "Ragnarok Online" game.

29. Gravity has never permitted or authorized Defendants to modify the "Ragnarok Online" game.

30. Defendants have intentionally and knowingly modified the "Ragnarok Online" game and distributed the "NovaRO" pirated game.

31. Defendants have operated an illegal server for their users to play the "NovaRO" pirated game so that all the infringing materials are displayed and played. Thus, Defendants have circumvented Gravity's anti-circumvention measure which only allows access to the server of Gravity where all the copyrighted materials can be displayed and played.

32. Defendants have intentionally and knowingly confused users by using Gravity's trademarks and representing themselves as Gravity.

33. Defendants have gained profits from the users who have played the "NovaRO" pirated game. For example, Defendants have sold pirated game items to the users.

34. Defendants' infringements of Gravity's numerous intellectual property rights, including Gravity's copyrights and trademarks, have been and continue to be willful and intentional.

35. Defendants have intentionally and knowingly violated the Digital

Millennium Copyright Act by circumventing copyright protection measures.

## COUNT 1:

## FEDERAL TRADEMARK INFRINGEMENT

## UNDER 15 U.S.C. § 1114

36. Gravity re-alleges each and every allegation set forth in paragraphs 1 through 35 above, inclusive, and incorporates them by reference herein.

37. Gravity is the owner of the federally registered marks and has expended an enormous amount of time, expense, and resources to develop and promote the "Ragnarok Online" game, and has obtained the fame and numerous users around the world.

38. Defendants developed a pirated counterfeit version of the "Ragnarok Online" game and named it "Nova Ragnorok Online" or "NovaRO," and have distributed the "NovaRO" pirated game and operated an illegal server for the users to play the "NovaRO" pirated game.

39. Gravity did not authorize or permit Defendants to modify the "Ragnarok Online" game or distribute the pirated counterfeit version of the "Ragnarok Online" game, or operate a server for the users to play the pirated game. Gravity did not authorize or permit Defendants to use Gravity's federally registered marks in selling, offering for sale, distribution, or advertising of Gravity's "Ragnarok Online" game.

40. Defendants have intentionally and knowingly used in commerce the reproduction, counterfeit, and/or copy of Gravity's registered marks in connection with the sale, offering for sale, distribution, or advertising of the Gravity's goods or services by selling, offering for sale, advertising, promoting, and distributing the pirated counterfeit copies of Gravity's game bearing Gravity's trademarks.

41. Defendants' egregious and intentional use and distribution of the pirated counterfeit copies of Gravity's game bearing Gravity's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, or defraud the consumer who believes the game is an authentic game of Gravity.

42. Defendants have obtained profits through their willful infringement of Gravity's trademarks. Defendants have profited from selling game items to the users.

43. Defendants' continued and knowing use of Gravity's trademarks without Gravity's consent or authorization constitutes willful infringement of Gravity's trademarks in violation of 15 U.S.C. § 1114.

44. Despite this litigation, Defendants did not cease or desist their infringing acts, but continue to willfully and intentionally infringe Plaintiff's intellectual property rights, causing irreparable harm to Plaintiff. Given the number of users, Defendants have gained substantial revenues.

45. Gravity's remedy at law is not adequate. Unless restrained by this Court, Defendants will continue to violate the trademark law. Complete protection of Gravity's rights should include an injunction, as well as damages or other remedies.

## COUNT 2:
## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501(a)

46. Gravity re-alleges each and every allegation set forth in paragraphs 1 through 45 above, inclusive, and incorporates them by reference herein.

47. Gravity is the exclusive owner of the copyright in the "Ragnarok Online" game. Gravity has obtained the copyright registration with the U.S. Copyright Office (Copyright Registration No. TX0006576194). *See* Exhibit C1. The protection of this copyright registration includes the computer program for the "Ragnarok Online" game and the screen displays generated by that program, including but not limited to game characters, monsters, cards, etc.

48. Gravity has obtained a copyright registration in the game background music for the "Ragnarok Online" game (Copyright Registration No. SR0000935086). *See* Exhibit C2.

49. Defendants have made a pirated counterfeit version of the "Ragnarok Online" game and named it "Nova Ragnorok Online" or "NovaRO," and have distributed the "NovaRO" pirated game and operated an illegal server for the users to

play the "NovaRO" pirated game.

50. Gravity did not authorize or permit Defendants to modify the "Ragnarok Online" game or distribute the pirated counterfeit version of the "Ragnarok Online" game, or operate a server for the users to play the pirated game.

51. Without permission, Defendants have intentionally and knowingly reproduced, counterfeited, copied, and distributed the "Ragnarok Online" game.

52. Without permission, Defendants have intentionally and willfully modified the "Ragnarok Online" game, developed a pirated counterfeit version of the "Ragnarok Online" game, and distributed the pirated counterfeit game.

53. The "NovaRO" pirated game displays the game characters, monsters, and cards, identical to those of the "Ragnarok Online" game, showing that the "NovaRO" pirated game is a pirated counterfeit game of the "Ragnarok Online" game.

54. The game characters in the "NovaRO" pirated game are identical to those in the "Ragnarok Online" game. *See* Exhibit I for some examples.

55. The background music and sounds playing in the "NovaRO" pirated game are identical to those in the "Ragnarok Online" game. *See* Exhibit J for some examples.

56. Defendants have infringed Gravity's copyright by creating derivative works, and by distributing and selling the pirated counterfeit game.

57. Defendants have obtained profits through their willful infringement of Gravity's copyright. Defendants have sold game items to the users.

58. Defendants' acts stated above constitute a willful infringement of Gravity's copyrights.

59. Despite this litigation, Defendants did not cease or desist their infringing acts, but continue to willfully and intentionally infringe Plaintiff's intellectual property rights, causing irreparable harm to Plaintiff.

60. Gravity's remedy at law is not adequate. Unless restrained by this Court,

Defendants will continue to violate the copyright law. Complete protection of Gravity's rights should include an injunction, as well as damages or other remedies.

## COUNT 3:
## CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501 et seq.

61. Gravity re-alleges each and every allegation set forth in paragraphs 1 through 60 above, inclusive, and incorporates them by reference herein.

62. Without Plaintiff's permission or authorization, Defendants have made a pirated counterfeit version of the "Ragnarok Online" game and named it "Nova Ragnorok Online" or "NovaRO," and have distributed the "NovaRO" pirated game and operated an illegal server for the users to play the "NovaRO" pirated game.

63. Defendants have operated an illegal server for their users to play the "NovaRO" pirated game so that all the infringing materials are displayed and played. Thus, Defendants have circumvented Gravity's anti-circumvention measure which only allows access to the server of Gravity where all the copyrighted materials can be displayed and played.

64. Defendants have actual and construction knowledge of the infringements encouraged by operating the illegal server to play the "NovaRO" pirated game.

65. Defendants' acts constitute contributory copyright infringement and/or active inducement of infringements of Gravity's exclusive copyrights under 17 U.S.C. § 106.

66. Defendants have obtained profits through their direct and/or indirect infringement of Gravity's copyright.

## COUNT 4:
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA") UNDER 17 U.S.C. §§ 1201(A) AND (B)

67. Gravity re-alleges each and every allegation set forth in paragraphs 1

through 66 above, inclusive, and incorporates them by reference herein.

68. Defendants' acts constitute circumvention of a technological measure that effectively controls access to a copyrighted work in violation of the DMCA.

69. Without Plaintiff's permission or authorization, Defendants have made a pirated counterfeit version of the "Ragnarok Online" game and named it "Nova Ragnorok Online" or "NovaRO," and have distributed the "NovaRO" pirated game and operated an illegal server for the users to play the "NovaRO" pirated game.

70. Defendants have operated an illegal server for their users to play the "NovaRO" pirated game so that all the infringing materials are displayed and played. Thus, Defendants have circumvented Gravity's anti-circumvention measure which only allows access to the server of Gravity where all the copyrighted materials can be displayed and played.

71. The "Ragnarok Online" game and Gravity's server includes technological access control and copyright protection. The "NovaRO" pirated game and Defendants' server circumvent them.

72. Defendants acts constitute a willful violation of the DMCA.

73. Gravity's remedy at law is not adequate. Unless restrained by this Court, Defendants will continue to violate the DMCA. Complete protection of Gravity's rights should include an injunction, as well as damages or other remedies.

## COUNT 5:
## FALSE DESIGNATION OF ORIGIN & UNFAIR COMPETITION
## UNDER U.S.C. § 1125(a)

74. Gravity re-alleges each and every allegation set forth in paragraphs 1 through 73 above, inclusive, and incorporates them by reference herein.

75. Gravity is the owner of the various trademarks, which are used in connection with the "Ragnarok Online" game, and has expended an enormous amount of time, expense, and resources to develop and promote the "Ragnarok Online" game. Gravity has obtained the fame and numerous users around the world

for the "Ragnarok Online" game.

76. Defendants developed a pirated counterfeit version of the "Ragnarok Online" game and named it "Nova Ragnorok Online" or "NovaRO," and have distributed the "NovaRO" pirated game and operated an illegal server for the users to play the "NovaRO" pirated game.

77. Gravity did not authorize or permit Defendants to modify the "Ragnarok Online" game or distribute the pirated counterfeit version of the "Ragnarok Online" game, or operate a server for the users to play the game. Gravity did not authorize or permit Defendants to use Gravity's trademarks in selling, offering for sale, distribution, or advertising of the pirated game.

78. Defendants have intentionally and knowingly used in commerce the reproduction, counterfeit, and/or copy of Gravity's trademarks in connection with the sale, offering for sale, distribution, or advertising of Gravity's goods and services by selling, offering for sale, advertising, promoting, and distributing pirated counterfeit copies of Gravity's game bearing Gravity's trademarks.

79. Defendants' egregious and intentional use and distribution of pirated counterfeit copies of Gravity's game bearing Gravity's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, or defraud the consumer who believes the game is an authentic game by Gravity.

80. Defendants have obtained profits through their willful infringement of Gravity's trademarks. Defendants have sold game items to the users.

81. Defendants' continued and knowing use of Gravity's trademarks without Gravity's consent or authorization constitutes willful infringement of Gravity's trademarks in violation of 15 U.S.C. § 1125(a).

## COUNT 6:
## UNLAWFUL, UNFAIR, FRAUDULENT BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

82. Gravity re-alleges each and every allegation set forth in paragraphs 1

through 81 above, inclusive, and incorporates them by reference herein.

83. Defendants' wrongful acts as stated above constitute acts of an unlawful, unfair or fraudulent business acts and practices *under California Business & Professions Code* § 17200 *et seq*.

84. Defendants' intentional and wrongful acts have caused and will continue to cause Gravity irreparable harm, for which Gravity has no adequate remedy at law, entitling Gravity to preliminary and permanent injunctive relief. Gravity is also entitled to an award of restitution to the fullest extent of the law.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Gravity prays for relief as follows:

1. For a judgment declaring that Defendants have infringed Gravity's trademarks and copyrights;

2. For a judgment declaring that Defendants have infringed Gravity's copyrights;

3. For a judgment declaring that Defendants' acts constitute contributory and vicarious copyright infringement;

4. For a judgment declaring that Defendants have violated the DMCA;

5. For a judgment declaring that Defendants violated the federal trademark law and state unfair competition law;

6. For a judgment declaring that Defendants' infringements of Gravity's trademarks and copyrights have been willful and deliberate;

7. For a judgment declaring that Defendants' violation of the DMCA has been willful and deliberate;

8. For a judgment awarding Gravity damages as a result of Defendants' infringement of Gravity's trademarks under 15 U.S.C. § 1117;

9. For a judgment awarding Gravity damages as a result of Defendants' infringement of Gravity's copyrights under 17 U.S.C. § 504;

10. For a judgment awarding Gravity damages as a result of Defendants' violation of the DMCA;

11. For a judgment awarding Gravity damages as a result of Defendants' false designation of origin;

12. For a judgment awarding Gravity damages as a result of Defendants' unfair, fraudulent and illegal business practices under *California Business and Professions Code* § 17200;

13. For a grant of a preliminary injunction enjoining Defendants from further acts of infringement;

14. For a grant of a permanent injunction enjoining Defendants from further acts of infringement;

15. For a judgment declaring that this case is exceptional and awarding Gravity its expenses, costs, and attorney's fees under 15 U.S.C. § 1117(a);

16. For a judgment awarding Gravity its costs and attorney's fees under 17 U.S.C. § 505; and

17. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  August 26, 2022            Respectfully submitted,

By:    /s/ Heedong Chae_____
       Heedong Chae
       LUCEM, PC
       Attorney for Plaintiff,
       GRAVITY CO., LTD.