Michael N. Cohen (Cal. Bar. No. 225348)
*mcohen@cohenip.com*
COHEN IP LAW GROUP, PC
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel: 310-288-4500
Fax: 310-246-9980

Attorney for Defendants,
NOVARO, LLC AND MANUEL RUIZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAVITY CO., LTD, a Republic of Korea corporation,<br><br>Plaintiff,<br><br>v.<br><br>NOVARO, LLC, a California limited liability company; MANUEL RUIZ, an individual; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-02763-JLS-SK<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND**<br><br>Courtroom:  8A<br>Judge:  Hon. Josephine L. Staton<br><br>Trial Date: None Set |

Defendants NOVARO, LLC and MANUEL RUIZ (collectively "Defendants"), hereby answer the First Amended Complaint (the "Complaint") filed by plaintiff GRAVITY CO., LTD ("Plaintiff"), and asserts its affirmative defenses as follows:

## ANSWER TO FIRST AMENDED COMPLAINT

## JURISDICTION AND VENUE

1.     Paragraph 1 of the Complaint states Plaintiff's legal conclusions, to which no response is required.  Alternatively, to the extent that a response is necessary, Defendants lack knowledge or information sufficient to respond and, on

1
DFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND

that basis, deny the allegations therein.

2.    Paragraph 2 of the Complaint states Plaintiff's legal conclusions, to which no response is required.  Alternatively, to the extent that a response is necessary, Defendants lack knowledge or information sufficient to respond and, on that basis, deny the allegations therein.

3.    Paragraph 3 of the Complaint states Plaintiff's legal conclusions, to which no response is required.  Alternatively, to the extent that a response is necessary, Defendants lack knowledge or information sufficient to respond and, on that basis, deny the allegations therein.

4.    Paragraph 4 of the Complaint states Plaintiff's legal conclusions, to which no response is required.  Alternatively, to the extent that a response is necessary, Defendants lack knowledge or information sufficient to respond and, on that basis, deny the allegations therein.

## PARTIES

5.    As to Paragraph 5 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis denies the allegations therein.

6.    As to Paragraph 6 of the Complaint, Defendants admit the allegations therein.

7.    Defendants deny the allegations in Paragraph 7 of the Complaint.

8.    As to Paragraph 8 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

9.    As to Paragraph 9 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

## FACTUAL ALLEGATIONS

10.  As to Paragraph 10 of the Complaint, Defendants are without sufficient

DFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND

information to respond to this Paragraph, and on that basis deny the allegations therein.

11.  As to Paragraph 11 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

12.  As to Paragraph 12 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

13.  As to Paragraph 13 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

14.  As to Paragraph 14 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

15.  As to Paragraph 15 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

16.  As to Paragraph 16 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

17.  As to Paragraph 17 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

18.  As to Paragraph 18 of the Complaint, Defendants admit that it operates an online website https://www.novaragnarok.com/; as to the remainder of Paragraph 18, Defendants deny the allegations therein.

19.  As to Paragraph 19 of the Complaint, Defendants admit that its game is named "Nova Ragnorok Online" and call it as "NovaRO"; as to the remainder of

DFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND

Paragraph 19, Defendants deny the allegations therein.

20.  As to Paragraph 20 of the Complaint, Defendants are without sufficient information as to the validity of "Gravity's 'RAGNAROK ONLINE' trademark", and on that basis deny the allegations therein.

21.  As to Paragraph 21 of the Complaint, Defendants are without sufficient information as to the validity of "Gravity's 'G GRAVITY' trademark", and on that basis deny the allegations therein.

22.  Defendants deny the allegations in Paragraph 22 of the Complaint.

23.  Defendants deny the allegations in Paragraph 23 of the Complaint.

24.  Defendants deny the allegations in Paragraph 24 of the Complaint.

25.  Defendants deny the allegations in Paragraph 25 of the Complaint.

26.  As to Paragraph 26 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

27.  As to Paragraph 27 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

28.  As to Paragraph 28 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

29.  As to Paragraph 29 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

30.  Defendants deny the allegations in Paragraph 30 of the Complaint.

31.  Defendants deny the allegations in Paragraph 31 of the Complaint.

32.  Defendants deny the allegations in Paragraph 32 of the Complaint.

33.  Defendants deny the allegations in Paragraph 33 of the Complaint.

34.  Defendants deny the allegations in Paragraph 34 of the Complaint.

35.   Defendants deny the allegations in Paragraph 35 of the Complaint.

## COUNT 1:

## FEDERAL TRADEMARK INFRINGEMENT

## UNDER 15 U.S.C. § 1114

36.   Defendants repeat and incorporate by reference, as though fully set forth herein, all admissions, denials, and other responses in all of the preceding Paragraphs of this Answer.

37.   As to Paragraph 37 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

38.   Defendants deny the allegations in Paragraph 38 of the Complaint.

39.   As to Paragraph 39 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

40.   Defendants deny the allegations in Paragraph 40 of the Complaint.

41.   Defendants deny the allegations in Paragraph 41 of the Complaint.

42.   Defendants deny the allegations in Paragraph 42 of the Complaint.

43.   Defendants deny the allegations in Paragraph 43 of the Complaint.

44.   Defendants deny the allegations in Paragraph 44 of the Complaint.

45.   Defendants deny the allegations in Paragraph 45 of the Complaint.

## COUNT 2:

## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501(a)

46.   Defendants repeat and incorporate by reference, as though fully set forth herein, all admissions, denials, and other responses in all of the preceding Paragraphs of this Answer.

47.   As to Paragraph 47 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

DFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND

48.   As to Paragraph 48 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

49.   Defendants deny the allegations in Paragraph 49 of the Complaint.

50.   As to Paragraph 50 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

51.   Defendants deny the allegations in Paragraph 51 of the Complaint.

52.   Defendants deny the allegations in Paragraph 52 of the Complaint.

53.   Defendants deny the allegations in Paragraph 53 of the Complaint.

54.   Defendants deny the allegations in Paragraph 54 of the Complaint.

55.   Defendants deny the allegations in Paragraph 55 of the Complaint.

56.   Defendants deny the allegations in Paragraph 56 of the Complaint.

57.   Defendants deny the allegations in Paragraph 57 of the Complaint.

58.   Defendants deny the allegations in Paragraph 58 of the Complaint.

59.   Defendants deny the allegations in Paragraph 59 of the Complaint.

60.   Defendants deny the allegations in Paragraph 60 of the Complaint.

## COUNT 3:

## CONTRIBUTORY AND VICARIOUS COPYRIGHT INGRINGEMENT

## UNDER 17 U.S.C. § 501 et seq.

61.   Defendants repeat and incorporate by reference, as though fully set forth herein, all admissions, denials, and other responses in all of the preceding Paragraphs of this Answer.

62.   Defendants deny the allegations in Paragraph 62 of the Complaint.

63.   Defendants deny the allegations in Paragraph 63 of the Complaint.

64.   Defendants deny the allegations in Paragraph 64 of the Complaint.

65.   Defendants deny the allegations in Paragraph 65 of the Complaint.

66.   Defendants deny the allegations in Paragraph 66 of the Complaint.

DFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT 4

## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

## ("DMCA") UNDER 17 U.S.C. §§ 1201(A) AND (B)

67.   Defendants repeat and incorporate by reference, as though fully set forth herein, all admissions, denials, and other responses in all of the preceding Paragraphs of this Answer.

68.   Defendants deny the allegations in Paragraph 68 of the Complaint.

69.   Defendants deny the allegations in Paragraph 69 of the Complaint.

70.   Defendants deny the allegations in Paragraph 70 of the Complaint.

71.   Defendants deny the allegations in Paragraph 71 of the Complaint.

72.   Defendants deny the allegations in Paragraph 72 of the Complaint.

73.   Defendants deny the allegations in Paragraph 73 of the Complaint.

## COUNT 5

## FALSE DESIGNATION OF ORIGIN & UNFAIR COMPETITION

## UNDER U.S.C. § 1125(a)

74.   Defendants repeat and incorporate by reference, as though fully set forth herein, all admissions, denials, and other responses in all of the preceding Paragraphs of this Answer.

75.   As to Paragraph 75 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

76.   Defendants deny the allegations in Paragraph 76 of the Complaint.

77.   As to Paragraph 77 of the Complaint, Defendants are without sufficient information to respond to this Paragraph, and on that basis deny the allegations therein.

78.   Defendants deny the allegations in Paragraph 78 of the Complaint.

79.   Defendants deny the allegations in Paragraph 79 of the Complaint.

80.   Defendants deny the allegations in Paragraph 80 of the Complaint.

81.   Defendants deny the allegations in Paragraph 81 of the Complaint.

## COUNT 6:

## UNLAWFUL, UNFAIR, FRAUDULENT BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

82.   Defendants repeat and incorporate by reference, as though fully set forth herein, all admissions, denials, and other responses in all of the preceding Paragraphs of this Answer.

83.   Defendants deny the allegations in Paragraph 83 of the Complaint.

84.   Defendants deny the allegations in Paragraph 84 of the Complaint.

## AFFIRMATIVE DEFENSES

As for its separate affirmative defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

1.   As a separate and first affirmative defense to the Complaint and each purported cause of action contained herein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

## (No Injury or Damage)

2.   As a separate and second affirmative defense to the Complaint and each purported cause of action contained herein, Defendants allege that Plaintiff has not been injured or damaged as a proximate result of any act or omission for which Defendants are responsible.

## THIRD AFFIRMATIVE DEFENSE

## (Confusion Not Likely)

3.   As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that any use of the subject mark is not likely to cause confusion.

## FOURTH AFFIRMATIVE DEFENSE

### (Knowledge, Acquiescence, Ratification, and Consent)

4.     As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the claims alleged are barred because the alleged wrongful conduct was committed in whole or part with Plaintiff's knowledge, acquiescence, ratification and/or consent.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.     As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6.     As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the claims alleged are barred due to Plaintiff's failure to mitigate.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fair Use)

7.     As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Defendants' use, if any, of the purported intellectual property constitutes fair use.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

8.     As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the claims alleged are barred because any damages incurred by Plaintiff, which Defendants specifically and expressly deny, were not cause by any purported act or omission of

Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (No Unfair Business Practice)

9.    As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff fails to state facts sufficient to constitute a cause of action for unfair competition because Plaintiff fails to identify any unfair or fraudulent business act or practice.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.   As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiffs are barred from any recovery by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

11.   As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege to the extent that Defendant has infringed any protected materials held by Plaintiff, such infringement was innocent.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

12.   As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiffs are barred from any recovery by the doctrine of statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Invalidity or Unenforceability of Copyright)

13.   As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's copyrights are invalid and/or unenforceable.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

14.   As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's claims are barred under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Authorized Use)

15.   As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff authorized, impliedly or explicitly, Defendants' allegedly infringing use of Plaintiff's works, and Plaintiff's claims are therefore barred by the doctrine of implied license.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

16.   As a separate and sixteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that to the extent Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

17.   As a separate and seventeenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Presently Unknown Additional Affirmative Defenses)

18.   As a separate and eighteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants reserve the right to plead additional affirmative defenses at a later date if such information becomes available.

WHEREFORE, Defendants pray that:

1.    Plaintiff's Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby;

2.    Defendants recover its costs of suit; and

3.    Defendants be awarded such relief as the Court deems just and proper.

Dated:  September 9, 2022              COHEN IP LAW GROUP, P.C.


                                      By: */s/ Michael N. Cohen*
                                      MICHAEL N. COHEN
                                      *Attorney for Defendants Novaro, LLC and*
                                      *Manual Ruiz*

DFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **JURY DEMAND**

The Plaintiffs asserts their rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues.


Dated:  September 9, 2022          COHEN IP LAW GROUP, P.C.


By: */s/ Michael N. Cohen*
    MICHAEL N. COHEN
    *Attorney for Defendants Novaro, LLC and Manual Ruiz*

DFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND

1

**FILER'S ATTESTATION**

2

3
          Pursuant to Local Rule 5-4.3.4, the filer of this document attests that all other

4
signatories listed, and on whose behalf the filing is submitted, concur in the filing's

5
content and have authorized the filing.

6
Dated:  September 9, 2022                    COHEN IP LAW GROUP, P.C.

7

8
                                        By:  */s/ Michael N. Cohen*

9
                                             MICHAEL N. COHEN
                                             *Attorney for Defendants Novaro, LLC and*

10
                                             *Manuel Ruiz*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

  I declare that I am over the age of eighteen (18) years and not a party to this action. My business address is 9025 Wilshire Boulevard, Suite 301, Beverly Hills, CA 90211.

3

4

  On September 9, 2022, I will serve on the parties or their counsel shown below, the following documents described as:

5

**DFENDANTS' ANSWER TO**
**FIRST AMENDED COMPLAINT**

6

**AND JURY DEMAND**

7

HeedongChae (SBN: 263237)
hdchae@lucemlaw.com

8

LUCEM, PC
660 South Figueroa St. Suite 1200          Attorney for Plaintiff Gravity Co., Ltd

9

Los Angeles, CA 90017

10

[ ] **BY MAIL.** I am readily familiar with the firm's practice of collection and

11

processing of correspondence for mailing with the United States Postal Service. Under that practice the correspondence was deposited with the United States Postal

12

Service on the same day this declaration was executed in the ordinary course of

13

business. Under that practice, the envelope(s) was (were) sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date by first class

14

mail at Tarzana, California addressed as set forth below.

15

[ ] **BY FEDERAL EXPRESS** I placed the document(s) listed above with fees thereon fully prepaid for deposit with Federal Express (next business day delivery),

16

this same day following ordinary business practices to the address(es) set forth

17

below.

[ ] **BY FACSIMILE TRANSMISSION.** I caused the above-referenced document

18

to be transmitted by facsimile to its intended recipient(s) at the following facsimile

19

number:

[X] **BY E-MAIL.** Based on a court order or an agreement of the parties to accept

20

service by e-mail or electronic transmission, I caused the document(s) to be sent to

21

the person(s) at the e-mail address(es) indicated above through the Court's ECF

service.

22

23

  I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on September 9, 2022, at Beverly Hills, California.

24

25

  /s/ *William Tran*
  William Tran

26

27

28