1  HeedongChae (Cal. Bar. No. 263237)
   hdchae@lucemlaw.com
2  LUCEM, PC
   660 South Figueroa St. Suite 2300
3  Los Angeles, CA 90017
   Tel: 213-387-3630
4  Fax: 213-863-6332

5  Attorney for Plaintiff,
   GRAVITY CO., LTD.
6

7  Michael N. Cohen (Cal. Bar. No. 225348)
   *mcohen@cohenip.com*
8  COHEN IP LAW GROUP, PC
   9025 Wilshire Blvd., Suite 301
9  Beverly Hills, California 90211
   Tel: 310-288-4500
10 Fax: 310-246-9980

11 Attorney for Defendants,
   NOVARO, LLC AND MANUEL RUIZ
12

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAVITY CO., LTD, a Republic of Korea corporation, | Case No.: 2:22-cv-02763-JLS-SK |
| Plaintiff, | Assigned to: Hon. Josephine L. Staton |
| v. | **JOIN REPORT UNDER FED. R. CIV. P. 26(F)** |
| NOVARO, LLC, a California limited liability company; MANUEL RUIZ, an individual; DOES 1 through 10, inclusive, | |
| Defendants. | |

Pursuant to the Court's Order Setting Scheduling Conference, dated September 20, 2022, Plaintiff GRAVITY CO., LTD ("Plaintiff"), and Defendants NOVARO, LLC and MANUEL RUIZ (collectively "Defendants"), by and through

their respective counsels of record, jointly submit this Joint Fed. R. civ. P. 26(f) Report ("Joint Report") as follows:

## I. FACTUAL SUMMARY OF THE CASE

### A. Plaintiff's Factual Summary

Plaintiff is a globally well-known online game company and listed on Nasdaq. Plaintiff is primarily known for its online game "Ragnarok Online" ("the "Ragnarok Online" game"). Plaintiff owns various intellectual property rights, including trademarks and copyrights, for the "Ragnarok Online" game. For example, Plaintiff owns United States trademark registrations for "G GRAVITY" (U.S. Reg. No. 3742547), "G GRAVITY" (U.S. Reg. No. 6129207), "RAGNAROK" (U.S. Reg. No. 2882208), and "RAGNAROK RAGNAROK ONLINE" (U.S. Reg. No. 3405849). In addition, Plaintiff owns a copyright registration in the software code for the "Ragnarok Online" game (Copyright Registration No. TX0006576194) and a copyright registration in the game background music for the "Ragnarok Online" game (Copyright Registration No. SR0000935086).

Defendants operate an online website https://www.novaragnarok.com/ ("Novaragnarok.com") which enables users to download a pirated counterfeit version of the "Ragnarok Online" game and operates a server so that users can play the pirated counterfeit game (the "Novaro Game"). Defendants changed the game name and intro images, but otherwise, the Novaro game is identical to the "Ragnarok Online" game. The Novaro game's game screen displays and background music are identical to those of the "Ragnarok Online" game, showing that the Novaro game is a pirated counterfeit game of the genuine "Ragnarok Online" game.

Accordingly, Defendants' acts constitute willful infringements of Plaintiff's numerous intellectual property rights, including but not limited to Plaintiff's trademarks and copyrights. In addition, Defendants' acts constitute contributory and vicarious copyright infringement, violation of the Digital Millennium Copyright Act under 17 U.S.C. §§ 1201(A) and (B), and unlawful, unfair or fraudulent business acts

and practices under California Business & Professions Code § 17200 *et seq*.

Plaintiff seeks declaratory judgment on its infringement claims and other claims, injunction, damages, attorney's fees and costs.

### B. Defendants' Factual Summary

Defendants have denied Plaintiff's allegations and all liability. Defendants have asserted several affirmative defenses, for reason including, inter alia: (1) Plaintiff's asserted copyright rights include matter that is not copyrightable, invalid or unenforceable, (2) Defendants use constitutes fair use, (3) Plaintiff is barred by laches and/or have acquiesced to Defendants use.

## II. PRINCIPAL ISSUES IN THE CASE

The principal legal issues to be determined in this matter include, without limitation:

(a) Whether Defendants infringed Plaintiff's trademarks under 15 U.S.C. § 1114;

(b) Whether Defendants infringed Plaintiff's copyrights;

(c) Whether Defendants contributorily and vicariously infringed Plaintiff's copyrights;

(d) Whether Defendants violated 17 U.S.C. §§ 1201(A) and (B) of the Digital Millennium Copyright Act;

(e) Whether Defendants infringed Plaintiff's trademarks under 15 U.S.C. § 1125(a);

(f) Whether Defendants' acts constitute unlawful, unfair or fraudulent business acts and practices under California Business & Professions Code § 17200 *et seq*.;

(g) Whether Defendants' conduct is willful as to make this case exceptional pursuant to 15 U.S.C. § 1117(a);

    (h)    Whether Defendants' conduct is willful to award Plaintiff its costs and attorney's fees 17 U.S.C. § 505;

    (i)    Whether Plaintiff is entitled to injunction relief; and

    (j)    Whether and in what amount Plaintiff is entitled to monetary damages.

## III.  ADDING PARTIES AND AMENDING PLEADINGS

Plaintiff asserts that it does not currently contemplate adding parties or amending the pleadings.

## IV.  CONTEMPLATED MOTION MATTERS

Plaintiff expects to submit motions for summary judgment on willful infringement of its trademarks and copyrights.

## V.  SETTLEMENT

The parties are conducting settlement discussions. Plaintiff recommends ADR Procedure No. 2 (Court Mediation Panel). Defendants recommend a Court Mediation Panel.

## VI.  DISCOVERY PLAN

(a)    The parties will make their initial disclosures by November 11, 2022, which is 14 days after the parties' Rule 26(f) conference, in accordance with Rule 26(a)(1).

(b)    The parties anticipate that each side will serve interrogatories, requests for admission, and requests for production and will take depositions. The parties further anticipate expert discovery.

(c)    Discovery will be in accordance with the Federal Rule of Civil Procedure, the Local Rules, and the Court's Rules.  No other limitations are imposed.

In the event that additional discovery is needed, the parties will seek the Court's approval.

      (d)    Discovery will be conducted in two phases:  fact discovery and expert discovery.

## VII. TRIAL

The parties have requested a trial by jury in this action.  The parties estimate the trial will last approximately four (4) days.

## VIII. PROPOSED CASE MANAGEMENT DATES

See Exhibit A.

Dated:  November 14, 2022      LUCEM, PC

By:  /s/ Heedong Chae
HEEDONG CHAE
*Attorney for Plaintiff Gravity Co., Ltd*

Dated:  November 14, 2022      COHEN IP LAW GROUP, P.C.

By:  /s/ Michael N. Cohen
MICHAEL N. COHEN
*Attorney for Defendants Novaro, LLC and Manual Ruiz*