```
 1  HeedongChae (Cal. Bar. No. 263237)
    hdchae@lucemlaw.com
 2  LUCEM, PC
    660 South Figueroa St. Suite 2300
 3  Los Angeles, CA 90017
    Tel: 213-387-3630
 4  Fax: 213-863-6332

 5  Attorney for Plaintiff,
    GRAVITY CO., LTD.
 6

 7  Michael N. Cohen (Cal. Bar. No. 225348)
    mcohen@cohenip.com
 8  COHEN IP LAW GROUP, PC
    9025 Wilshire Blvd., Suite 301
 9  Beverly Hills, California 90211
    Tel: 310-288-4500
10  Fax: 310-246-9980

11  Attorney for Defendants,
    NOVARO, LLC AND MANUEL RUIZ
12
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAVITY CO., LTD, a Republic of Korea corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NOVARO, LLC, a California limited liability company; MANUEL RUIZ, an individual; DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-02763-JLS-SK<br><br>Assigned to:  Hon. Josephine L. Staton<br><br>**STIPULATED JUDGMENT** |

　　　　　This Civil Action has come before the Court, upon the pleadings and

proceedings of record, and it has been represented to the Court that plaintiff Gravity Co., Ltd. ("Plaintiff" or "Gravity") and defendants Novaro, LLC ("Novaro") and Manuel Ruiz ("Ruiz") (Novaro and Ruiz, collectively referred to as "Defendants"), have entered into a binding and enforceable memorandum of understanding (hereinafter referred to as "the Settlement Agreement") and have agreed to a final resolution of this case on the terms and conditions set forth in the Settlement Agreement, which is attached hereinwith as Exhibit A with redaction.

WHEREAS, the Parties have agreed to enter into a stipulated judgment.

WHEREFORE, with the consent of the Parties, through their undersigned attorneys, and with the approval of this Court, the Parties stipulate to the following judgment:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof.

2. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof.

3. Defendant Novaro is hereby permanently restrained and enjoined from: (1) using Plaintiff's trademark(s) or any other mark that is identical or confusingly similar to Plaintiff's trademark(s); (2) using any of Plaintiff's copyright(s) that is identical or substantially similar to any portion of Plaintiff's copyright(s); (3) making, distributing, selling, or offering for sale any game or goods bearing Plaintiff's trademark(s) or any other mark that is identical or confusingly similar to Plaintiff's trademark(s); (4) making, distributing, selling, or offering for sale any game or goods containing Plaintiff's copyright(s) that is identical or substantially similar to Plaintiff's copyright(s); (5) engaging in any act that is likely to falsely

cause consumers or members of the public to believe any goods or services of Defendant Novaro are in any way endorsed by, connected with, or sponsored by Plaintiff; (6) using any false designation of origin or false description, or performing any act which can, or is likely to, lead consumers or members of the trade to believe any goods or services of Defendant Novaro are in any way endorsed by, connected with, or sponsored by Plaintiff; (7) engaging in any other behavior constituting infringement of Plaintiff's trademark(s) and/or copyright(s), or of Plaintiff's rights in, or to use or exploit, Plaintiff's trademark(s) and/or copyright(s); and (8) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above sub-paragraphs.

4. Judgment shall be against Defendant Novaro in the sum of $4,000,000.00 (Four Million U.S. Dollars). Plaintiff Gravity shall execute this amount of judgment if Defendant Novaro is in default or non-compliance of any duties, obligations, or provisions in the Settlement Agreement or this Stipulated Judgment, which is not cured within 30 days' of notice.

5. If Defendant Ruiz breaches any of his personal obligations under the Settlement Agreement and fails to cure within 30 days of notice of breach, Plaintiff has the right to amend the $4,000,000.00 judgment to impose the payment obligation against Ruiz individually, and may seek to enforce such an amended judgment.

6. Defendant Ruiz is dismissed without prejudice from this Action.

///
///
///

## CONSENTS, THROUGH COUNSEL OF RECORD

Dated: August 29, 2023                    LUCEM, PC

                                          By: */s/ Heedong Chae*
                                              HEEDONG CHAE
                                              *Attorney for Plaintiff Gravity Co., Ltd*

Dated: August 29, 2023                    COHEN IP LAW GROUP, P.C.

                                          By: */s/ Michael N. Cohen*
                                              MICHAEL N. COHEN
                                              *Attorney for Defendants Novaro, LLC and Manual Ruiz*