# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAVITY CO., LTD, a Republic of Korea corporation,<br><br>Plaintiff,<br><br>v.<br><br>NOVARO, LLC, a California limited liability company; MANUEL RUIZ, an individual; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-02763-JLS-SK<br><br>Assigned to: Hon. Josephine L. Staton<br><br>**[PROPOSED] JUDGMENT** |

Pursuant to the Parties' stipulation for judgment,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof.

2. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof.

3. Defendant Novaro is hereby permanently restrained and enjoined from: (1) using Plaintiff's trademark(s) or any other mark that is identical or confusingly similar to Plaintiff's trademark(s); (2) using any of Plaintiff's copyright(s) that is identical or substantially similar to any portion of Plaintiff's copyright(s); (3) making, distributing, selling, or offering for sale any game or goods bearing Plaintiff's trademark(s) or any other mark

that is identical or confusingly similar to Plaintiff's trademark(s); (4) making, distributing, selling, or offering for sale any game or goods containing Plaintiff's copyright(s) that is identical or substantially similar to Plaintiff's copyright(s); (5) engaging in any act that is likely to falsely cause consumers or members of the public to believe any goods or services of Defendant Novaro are in any way endorsed by, connected with, or sponsored by Plaintiff; (6) using any false designation of origin or false description, or performing any act which can, or is likely to, lead consumers or members of the trade to believe any goods or services of Defendant Novaro are in any way endorsed by, connected with, or sponsored by Plaintiff; (7) engaging in any other behavior constituting infringement of Plaintiff's trademark(s) and/or copyright(s), or of Plaintiff's rights in, or to use or exploit, Plaintiff's trademark(s) and/or copyright(s); and (8) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above sub-paragraphs.

4. Judgment shall be against Defendant Novaro in the sum of $4,000,000.00 (Four Million U.S. Dollars). Plaintiff Gravity shall execute this amount of judgment if Defendant Novaro is in default or non-compliance of any duties, obligations, or provisions in the Settlement Agreement or this Stipulated Judgment, which is not cured within 30 days' of notice.

5. If Defendant Ruiz breaches any of his personal obligations under the Settlement Agreement and fails to cure within 30 days of notice of breach, Plaintiff has the right to amend the $4,000,000.00 judgment to impose the payment obligation against Ruiz individually, and may seek to enforce such an amended judgment.

6. Defendant Ruiz is dismissed without prejudice from this Action.

```
 1
 2
 3   **IT IS SO ORDERED.**
 4
     Date: _____, 2023
 5                                              _____
                                                Honorable Josephine L. Staton
 6                                              United States District Court Judge
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```